United States District Court
Southern District of Texas

**ENTERED**

January 05, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-11-83-1 |
| | § | |
| JOSE MIGUEL TREVINO | § | |
| BOP # 55924-179 | § | |

**MEMORANDUM OPINION AND ORDER**

Jose Miguel Trevino is an inmate in the custody of the Federal Bureau of Prisons.  In 2012, this court sentenced him to 180 months in prison after he pleaded guilty to drugs and weapons charges.  In April 2021, the court denied Trevino's motion for compassionate release and a sentence reduction to time served based on the COVID-19 pandemic.  (Docket Entry No. 175).  In denying Trevino's motion, the court acknowledged the grave risks COVID-19 presents to those confined in crowded prisons and jails but noted that there were currently no inmates with active COVID-19 cases where Trevino was incarcerated, that his medical conditions were not so severe as to justify compassionate early release, and that Trevino's expressed fear of COVID-19 infection is undermined by his refusal to be vaccinated.  (*Id.*).  In May 2021, Trevino moved for reconsideration of the court's denial of his motion for compassionate release, citing new reports of COVID-19 infections at the prison and because he had less than 25% of his sentence remaining. (Docket Entry No. 177).  The court denied the motion for reconsideration, explaining that the reasons stated by the court in its earlier opinion weighing against Trevino's early release continue to be present.  (Docket Entry No. 180).

Trevino has now filed what the court construes as a second motion for reconsideration of the denial of his motion for compassionate release.  (*See* Docket Entry No. 183).  Trevino states he is subject to increased COVID-19 risks because he used to smoke cigarettes and marijuana.  He

also "challenges that scientific studies have proven that COVID-19 vaccines and boosters will not stop anyone from being infected." (*Id.* at 8). He states that he is not vaccinated for personal reasons and reiterates his belief that the availability of vaccines has not diminished the risk presented by COVID-19. [1] (*Id.* at 9). Last, Trevino argues that his imprisonment has not allowed him to "receive much needed psychological treatment." (*Id.* at 15). He asserts that he suffers from PTSD, which he claims is the result of "the trauma of his troubled childhood; from being raised in poverty, unstable home environment, multiple siblings, gang activity and being fatherless and raised alone by his Mother[.]" (*Id.* at 14–15). Trevino asserts that there is no psychologist at FCI Ray Brook for him to receive treatment for his childhood PTSD.

The court finds that the reasons it found in April 2021 weighing against Trevino's early release continue to be present. Namely, Trevino received the minimum sentence for his serious crimes and there is nothing in the record that indicates that Trevino's previously disclosed underlying health conditions of asthma and bronchitis are not well-controlled. As pointed out by Trevino, he has now served well over the majority of his sentence, with a projected release date of September 22, 2024. Considerations of fairness and equity in sentencing counsel against release before Trevino has completed the minimum sentence. Despite the staff shortages that Trevino complains about in his motion, FCI Ray Brook is currently operating at the lowest threat level for COVID-19. As for his argument that he is entitled to early release based on his "PTSD," Trevino has not presented any medical records showing that he has been diagnosed with PTSD. The court

---

[1] In his motion, Trevino also appears to make several complaints about his conditions of confinement at FCI Ray Brook, complaining, for example, that he has been served cold food, that he went hungry for several days, and that staff shortages have affected several aspects of prison life. To the extent that Trevino seeks relief concerning his conditions of confinement, filing a motion with this court is not the proper avenue for relief. If Trevino wishes to file a complaint about his conditions at FCI Ray Brook, the proper procedure would be to file a prisoner's civil-rights complaint under 42 U.S.C. § 1983 in a court that has jurisdiction over the alleged defendants employed at FCI Ray Brook in Ray Brook, New York.

notes that the pre-sentence report stated that "[d]espite [Trevino's parents'] marital problems, [Trevino] indicated that he had a good childhood . . . .  The defendant did not report any incidents of physical abuse or neglect.  He maintains a good relationship with his family."  (Docket Entry No. 68 at 10).  At the time the PSR was drafted, Trevino reported no history of mental or emotional health related problems.  (*Id.* at 11).  The court does not find that Trevino's purported PTSD constitutes an extraordinary and compelling circumstance to merit compassionate release.  There is no evidence that Trevino has been diagnosed with PTSD and it appears that his alleged PTSD "has not substantially diminished his ability to provide self-care in prison, even in light of the COVID-19 pandemic."  *United States v. Mejia-Santamaria*, Case No. 4:15-cr-111 (8), 2021 WL 5285843, at *6 (E.D. Tex. Nov. 10, 2021) (quotation omitted)  *See, e.g.*, *United States v. Hight*, 488 F. Supp. 3d 184, 192 (E.D. Pa. 2020) (denying motion for compassionate release when movant claimed anxiety and PTSD as his "extraordinary and compelling" reasons for immediate release because movant's medical records contained no PTSD diagnosis and movant's anxiety was a "relatively recent development" that seemed to be well-controlled by medication); *Mejia-Santamaria*, 2021 WL 5285843, at *6 (denying compassionate release, among other reasons, when there was no evidence that movant had been diagnosed with PTSD, movant denied having any mental health issues on multiple prior occasions, and movant had failed to describe what effect his alleged PTSD had on his physical health); *United States v. Pittman*, No. 3:15-cr-221, 2022 WL 2177665, at *2 (N.D. Tex. June 15, 2022) (denying motion for compassionate release and finding that movant's health issues, including PTSD, did not constitute extraordinary and compelling circumstances as movant did not show that his mental health issues amounted to a terminal illness or substantially diminished his ability "to provide self-care within the environment of a correctional facility").  The court commends Trevino for taking numerous education courses while

incarcerated, including, most recently, business math, business law, and a college success course. (*See* Docket Entry No. 183 at 27).

Trevino's motion for reconsideration, (Docket Entry No. 183), is denied.

SIGNED on January 5, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge